UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PATRICIA BUCCIERI, *on behalf of herself and all others similarly situated,*<br><br>　　　　Plaintiff,<br><br>v.<br><br>JP RECOVERY SERVICES, INC.,<br><br>　　　　Defendant. | Case No. _____<br><br>**Class Action Complaint**<br>**Jury Trial Demanded** |

## NATURE OF ACTION

1. Plaintiff Patricia Buccieri ("Plaintiff") brings this putative class action complaint against Defendant JP Recovery Services, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331. *See also Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 740, 752 (2012).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

4. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims*, 132 S.Ct. at 745.

5. In enacting the TCPA, Congress found that "'unrestricted telemarketing…can be

1

an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id*. (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

6. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

7. The TCPA gives a private right of action to individuals that allow for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3).

## PARTIES

8. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Hillsborough, and City of Ruskin.

9. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff.

## FACTUAL ALLEGATIONS

10. Defendant began calling Plaintiff's cellular phone number in an attempt to collect a debt owed by a relative of Plaintiff.

11. Plaintiff informed Defendant that she was not responsible for the debt and told Defendant to stop calling her cellular telephone.

12. Despite Plaintiff's request, Defendant continued to call.

13. Defendant placed multiple calls to Plaintiff's cellular telephone number in an attempt to collect a debt from Plaintiff's relative, including, but not limited to, the following dates

and times:

    1) May 5, 2015 at 8:25 A.M.;
    2) May 11, 2015 at 8:15 A.M.;
    3) May 16, 2015 at 8:09 A.M.;
    4) May 19, 2015 at 8:40 A.M.;
    5) May 21, 2015 at 3:14 P.M.;
    6) May 27, 2015 at 8:16 A.M.;
    7) June 1, 2015 at 8:39 A.M.;
    8) June 5, 2015 at 11:24 A.M.; and,
    9) June 11, 2015 at 3:15 P.M.

14. In each of the above-referenced calls, Defendant delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

15. Each voicemail message left by Defendant was identical or substantially similar to the following message left on Plaintiff's cellular phone on May 5, 2015: "We have an important message from JP Recovery Services, Inc., this is a call from a debt collector, please call 888-404-3721."

16. Upon information and belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system, and/or using artificial or pre-recorded voice technology.

17. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

18. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

19. Upon information and belief, Defendant did not obtain Plaintiff's cellular telephone number from Plaintiff.

20. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

21. Upon information and belief, Defendant placed the telephone calls to Plaintiff

identified above under its own free will.

22. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

23. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

24. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number, which discovery may reveal additional calls to those mentioned above.

## CLASS ACTION ALLEGATIONS

25. Plaintiff repeats and re-alleges all factual allegations above.

26. Upon information and belief, Defendant routinely dials the cellular telephone lines of individuals using an ATDS, artificial, or prerecorded voice while attempting to collect alleged debts, in the same manner as Defendant did with Plaintiff above.

27. Upon information and belief, Defendant did not obtain these cellular telephone numbers directly from the called party.

28. Upon information and belief, Defendant has been instructed by a large number of these individuals to stop calling their cellular phones.

29. Upon information and belief, Defendant has continued to call a large number of these aforementioned individuals who have requested that Defendant stop calling them using an ATDS, artificial, or prerecorded voice.

30. Upon information and belief, Defendant's records will show that it has engaged in such dialing practices with respect to at least 40 individuals in the four years prior to filing this action.

31. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> Every individual in the United States to whom Defendant, in the four years prior to the filing of this complaint, placed one or more telephone calls to the individual's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice where no prior express consent was given to make the call, either because such individual had not provided the cellular telephone number to Defendant or because such individual had revoked any prior express consent in a previous oral communication with Defendant.

32. The proposed class specifically excludes the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

33. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

34. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

35. The class is averred to be so numerous that joinder of members is impracticable.

36. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

37. The class is ascertainable in that the names and addresses of all class members can be identified through the business records maintained by Defendant.

38. There exists a well-defined community of interest in the questions of law and fact

involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the TCPA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

39. The claims of Plaintiff are typical of the claims of the class she seeks to represent.

40. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

41. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

42. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

43. Plaintiff is willing and prepared to serve this Court and the proposed class.

44. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

45. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter,

be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

47. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

48. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

49. Plaintiff repeats and re-alleges each factual allegation contained above.

50. The TCPA prohibits all calls made to a cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice, except for calls made for emergency purposes or made with the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

51. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an

7

artificial or pre-recorded voice without prior express consent.

52.   Furthermore, Defendant willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) because Plaintiff told Defendant both to stop calling her and that the debt did not belong to her, yet Defendant continued to place calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff and the class she seeks to represent;

c) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff and the class she seeks to represent statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class she seeks to represent treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to Rule 23;

h) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

  i) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 18, 2015.

                Respectfully submitted,

                /s/ Alex D. Weisberg
                ALEX D. WEISBERG
                FBN: 0566551
                Weisberg Consumer Law Group, PA
                Attorneys for Plaintiff
                5846 S. Flamingo Rd, Ste. 290
                Cooper City, FL 33330
                (954) 212-2184
                (866) 577-0963 fax
                aweisberg@afclaw.com

           *Co-counsel with Thompson Consumer Law Group, PLLC*

                5235 E. Southern Ave. D106-618
                Mesa, AZ 85206
                tclg@consumerlawinfo.com